· This was a libel against the barkentine John Laughlin brought by one Griffenberg for masts and spars furnished by him to said vessel. The libelant claimed a lien under the act of assembly of Pennsylvania of June 13, 1836, § 1 (supra). The hull of the vessel was built and completed at Seaford, Del., and was then taken up to Philadelphia to be rigged. A contract was made with the libelant in Delaware to furnish the necessary masts and spars, etc., which were prepared and finished in Wilmington, and then towed up to Philadelphia to be fitted in the hull.

Mr. Coulston, for libelant, claimed that, under the case of The Lottawanna, 21 Wall. [88 U. S.] 558, a lien, existing under the state law for materials furnished in fitting out a vessel, could be enforced by proceedings in rem in admiralty.

Mr. Flanders, contra, contended that a court of admiralty had no jurisdiction to enforce such a lien, citing People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393; Roach v. Chapman, 22 How. [63 U. S.] 129.

CADWALADER, District Judge. Whether there was a lien under the Pennsylvania statute is an immaterial question, because the demand is not for maritime supplies, and if it had been the place of supply would have been the home port of the vessel. The demand arose before she was equipped so as to be in a condition to receive "supplies" in the distinctive sense of that word. The libel is dismissed for want of jurisdiction, with costs.

GRIFFIN, Ex parte. See Case No. 4,650.

## Case No. 5,812.

### In re GRIFFIN.

### [8 Ben. 388.] 1

District Court, S. D. New York.    Feb., 1876.

COSTS—COMPOSITION—EXAMINATION OF BANKRUPT.

A bankrupt is primarily liable for the costs of the register incurred in the examination of the bankrupt by contesting creditors, at a meeting of creditors held under an order of the court in relation to a composition proposed by him.

The register in this case certified to the court that by order of the court in this matter it was referred to the register to hold a meeting of creditors at his office, at which the bankrupt [James Griffin] should propose a composition to his creditors in settlement of his debts; that the meeting was held at which the bankrupt made his proposition and filed his statement of debts and assets and offered himself for examination, and was examined by the attorney for certain

contesting creditors on different days; that the register had requested the bankrupt to pay the costs of such proceedings and the bankrupt objected to paying them and requested the register to certify the question to the court. The register added to his certificate his opinion, "that the costs so charged against the alleged bankrupt for services so rendered are primarily chargeable to and payable by the alleged bankrupt, the proceedings generally being had at his instance and request; and that the bankrupt should pay such costs, leaving the question to be decided in future as to whether the examination was justified by the circumstances of the case and the results attained."

BLATCHFORD, District Judge. I concur in the views of the register.

## Case No. 5,813.

### In re GRIFFIN.

[2 N. B. R. 254 (Quarto, 85); 2 Am. Law T. Rep. Bankr. 23; 1 Chi. Leg. News, 103.] 1

District Court, S. D. Georgia.    Nov. 7, 1868.

LEVY BY UNITED STATES MARSHAL—EXEMPTION OF PROPERTY OF BANKRUPT.

Property of the bankrupt, exempt, both by state and bankrupt law from levy and sale, cannot be sold after he has filed his petition in bankruptcy, although then levied on by a United States marshal.

By FRANK S. HESSELTINE, Register: I, the undersigned, having been designated by the court as the register in bankruptcy before whom the proceedings in the above matter of the bankruptcy of Jesse H. Griffin are to be had, do hereby certify, that in the due course of such proceedings the following question, pertinent to the same, arose and was stated and agreed to by Richard K. Hines, Esq., attorney for J. Waxlebaum et al., purchasers at United States marshal's sale, J. John Beck, Esq., assignee of the estate of the bankrupt, and A. Wood, Esq., and C. B. Wooten, Esq., attorneys for the bankrupt.

Jesse H. Griffin filed his petition to be adjudged a bankrupt on the 3d day of March, 1868. On the 27th day of the same month he was adjudged a bankrupt. On the 10th day of February, 1868, the United States marshal, by virtue of a fieri facias in favor of certain creditors of the said bankrupt, levied upon one house and lot and a storehouse in the town of Morgan, Ga., and lot 150 of the Tenth district, Telfair county, Ga., all the real estate of the said Griffin, and on the 7th day of April sold the same at public outcry to J. Waxlebaum et al., executing a deed therefor. Question: Could the United States marshal sell the said real estate, and thus deprive the bankrupt of his right to a home-

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

1 [Reprinted from 2 N. B. R. 254 (Quarto, 85), by permission.  1 Chi. Leg. News, 103, contains only a partial report.]